IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

**ABIGAIL HNEDAK,**

    **Plaintiffs,**

  v.                                      **No._____**

                                           **JURY DEMANDED**

**BRYCE LAINE, an individual, the MEMPHIS POLICE DEPARTMENT, CITY OF MEMPHIS, TENNESSEE, and MEMPHIS POLICE SGT. A. JENNINGS, individually and in his official capacity,**

    **Defendants.**

## COMPLAINT

Plaintiff, by and through her attorneys, respectfully files this Complaint against Bryce Laine, an individual, the City of Memphis, Tennessee, and Memphis Police Department Sgt. A. Jennings, individually and in his official capacity (hereinafter collectively referred to as "Defendants"), and in support thereof, would respectfully represent and state unto the Court as follows:

### I. Introduction

This action arises under federal law 42 U.S.C. §§1983; under the Tennessee Governmental Tort Liability Statutes; under T.C.A. §29-20-101, et seq; and under Tennessee common law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision and gross negligence.

While acting within the scope of his employment and under the color of state law, Sgt.

A. Jennings unlawfully co-swore to an affidavit of complaint against the Plaintiff in this matter which he knew or should have known was unreasonable and contrary to the law. This action is also brought against the City of Memphis, Tennessee and its Police Department for their failure to properly train and supervise Sgt. Jennings and its establishment of or failure to establish proper policies, procedures, practices, and customs regarding the abuse and misuse of governmental authority.

## II. Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper before the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. §1391.

2. The causes of action as alleged herein, arise from factual allegations occurring in Tipton and Fayette counties in Tennessee.

## III. Parties

3. The Plaintiff, Abigail Hnedak (hereinafter referred to as "Plaintiff"), is an adult resident citizen of Memphis, Tennessee.

4. Bryce Laine (hereinafter referred to as "Laine"), is an adult resident citizen of Memphis, Tennessee

5. Sgt. A. Jennings (hereinafter referred to as "Jennings"), upon information and belief, is an employee of Memphis Police Department and the City of Memphis, and was at all times material to the allegations contained in this Complaint, acting in his capacity as a sergeant of the Memphis Police Department, employed by the City of Memphis, Tennessee, and acting under color of state law.

6. The City of Memphis, Tennessee (hereinafter referred to as "the County") is a

political subdivision of the State of Tennessee and specifically Shelby County, Tennessee.

7. The City is responsible for the training and supervision of Jennings and has established and/or delegated to its various employees, including Jennings, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the City regarding investigations, arrests, and the enforcement of federal and state laws.

8. In the alternative, Jennings, individually, violated Plaintiff's state and federal constitutional rights by maliciously and wrongfully arresting her without conducting a sufficient investigation into the allegations made by Laine, confining her for a period of time unreasonably and improperly, and, in doing so, intentionally inflicted upon Plaintiff emotional distress.

### IV.  Facts

9. On December 31, 2016, Plaintiff and Laine became the parents of a minor child named Layla. On January 23, 2019, a Permanent Parenting Plan Order (hereinafter referred to as "Parenting Plan") was entered in Shelby County Juvenile Court setting child support, parenting time, and custody arrangements for parties' minor child.

10. Initially per the Parenting Plan, Laine was to have parenting time on Tuesday and Thursday nights from 4:00 PM to 8:00 PM on the second and fourth week of the month. It was agreed that the schedule would be adjusted in future to accommodate Laine's college schedule.

11. On July 6, 2019, Laine texted Plaintiff and asked to switch his parenting time to Monday's and Wednesdays upon commencement of the Fall 2019 semester. Plaintiff agreed to the switch.

12. Upon information and belief, the parties exercised their parenting time according to the Parenting Plan without issue or dispute until late 2019/early 2020.

13.     On Monday, February 3, 2020, Plaintiff became aware that the minor child told adults that Laine had hit and kicked her for "misbehaving" and that she was afraid to return to Laine's home. Plaintiff confronted Laine regarding these allegations via text. Laine did not respond. Plaintiff then told Laine she felt it was best, given the circumstances, that his planned parenting time for that day, a Monday, be rescheduled.

14.     Laine disagreed and informed Plaintiff that he would be at the scheduled place and time to exchange the minor child as usual. Plaintiff indicated that the minor child had been having nightmares about going to Laine's home, and she nor the minor child would be there for the exchange for parenting time.

15.     Later that same day, Laine presented to Sgt. A. Jennings of the Memphis Police Department and alleged that Plaintiff refused to allow him to exercise his court-ordered parenting time.

16.     Based only on Laine's statements to him, Jennings co-signed an Affidavit of Complaint against the Plaintiff regarding these allegations and claiming she was in violation of T.C.A. § 39-13-306 (custodial interference).

17.     Upon information and belief, Laine's brother and sister-in-law work for the Memphis Police Department and know Sgt. A. Jennings personally.

18.     On February 5, 2020, David R. Poole, a General Sessions Court Judge in Shelby County, signed a warrant for Plaintiff's arrest based on the allegations made and sworn to in the Affidavit of Complaint.

19.     On February 10, 2020, Plaintiff was arrested at her home in front of her three-year-old daughter by Memphis Police Deputies. Her minor child was traumatized by the events and repeatedly cried for her mother.

20. On February 11, 2020, Plaintiff was released without bail or bond upon receipt of a citation.

21. Plaintiff was held in the Shelby County's women's jail for a total of seven (7) hours.

22. On February 12, 2020, Judge Gerald Skahan dismissed the case as the Shelby County District Attorney, who spoke with Plaintiff and others and conducted an investigation into the allegations, decided to nolle prosequi the complaint against Plaintiff.

23. Sgt. Jennings had not been adequately trained and/or supervised by the City as to the proper procedure for swearing to an Affidavit of Complaint. The County's lack of training and/or supervision of Sgt. Jennings in this regard was the proximate cause of the civil rights and tortious violations against Plaintiff.

24. Upon information and belief, the City has a pervasive custom or practice, *inter alia*, of making warrantless arrests that lack probable cause based upon the significant number of cases that are dismissed due to constitutional violations similar to the case at issue. The City's lawmakers either know or should reasonably have cause to know of this practice. Said custom is widespread and commonly accepted to have the force of law.

25. In the alternative, the City has failed to make adequate rules, policies and regulations to protect against civil rights violations by its law enforcement. The City's conduct is demonstrative of a persistent pattern of unconstitutional conduct by its employees and the City has constructive notice of that pattern.

26. At all times relevant, the Constitution of the State of Tennessee was applicable and states:

> That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and

that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not be granted. Article I, Section 7.

That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land. Article I, Section 8.

That no person shall be put to answer any criminal charge but by presentment, indictment or impeachment. Article I, Section 14.

That all prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident, or the presumption great. Article I, Section 15.

27. At all times relevant, the United States Constitution was applicable and states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Amendment IV.

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation. Amendment V.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any

person within its jurisdiction the equal protection of the laws.
Amendment XIV, Section 1.

28. Plaintiff suffered damages as a result of the actions or omissions of the City and Sgt. Jennings. Plaintiff was held in custody for ___ hours, without compensation or apology despite the charges being dismissed. Plaintiff, who had never before been arrested, was handcuffed, put in the back of a squad car, and placed in a cell with a half-dozen strangers. Plaintiff and her minor child have suffered mental and emotional anguish due to the arrest itself, her confinement in the Shelby County Jail.

## V.   Causes of Action

### COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C §1983**
**(Failure to Implement Appropriate Policies, Customs, and Practices, Failure to Supervise or Train, Policy Making Authority)**

29. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–28 of this Complaint.

30. The City and Sgt. Jennings, in both his official and individual capacity, did deprive Plaintiff of her civil rights under the United States Constitution and federal and state law by swearing to a false affidavit after conducting no investigation into the facts alleged and arresting Plaintiff pursuant to a warrant issued as a result of the false affidavit.

31. The City implicitly or explicitly adopted and implemented unconstitutional, careless and reckless policies, customs, and practices that included, among other things, encouraging or permitting employees of the Memphis Police Department to falsely swear to affidavits of complaint without investigating same.

32. The actions of Defendants violated the Plaintiff's Article I, Sections 7, 8, 14 and 15 rights under the Tennessee Constitution and Plaintiff's Fourth, Fifth and Fourteenth

Amendment rights under the United States Constitution.

## COUNT II

**Tennessee Governmental Tort Liability Act
Pursuant to T.C.A. §29-20-101/ Tennessee Common
Law
(Negligence)**

33. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–32 of this Complaint.

34. Defendants The City of Memphis and Sgt. Jennings owed Plaintiff a duty to use due care during the aforementioned incident.

35. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT III

**Tennessee Governmental Tort Liability Act
Pursuant to T.C.A. §29-20-101/Tennessee Common Law
(Negligent Supervision)**

36. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–35 of this Complaint.

37. Defendants the City of Memphis and Sgt. Jennings owed Plaintiff a duty to use due care.

38. The City of Memphis failed to provide proper training and outline proper procedures as previously set forth herein, causing the violation of Plaintiff's substantive and procedural right to due process.

39. In committing the aforementioned acts or omissions, Defendants negligently

breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT IV

### Tennessee Governmental Tort Liability Act
### Pursuant to T.C.A. §29-20-101/Tennessee Common Law
### (False Imprisonment without Mittimus)

40. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–39 of this Complaint.

41. The City of Memphis and Sgt. Jennings, in his official capacity, failed to obtain a valid warrant from a court prior to arresting Plaintiff.

## COUNT V

### Tennessee Governmental Tort Liability Act
### Pursuant to T.C.A. § 29-20-101/Tennessee Common Law
### (Intentional Infliction of Emotional Distress)

42. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–___ of this Complaint.

43. Sgt. Jennings, in his individual capacity, engaged in intentional and reckless conduct by swearing to an affidavit based upon allegations made by Laine without probable cause and causing Plaintiff's illegal detention.

44. Sgt. Jennings's conduct is so outrageous that it should not be, and is not, tolerated by society. Plaintiff's arrest is an example of reckless police conduct that citizens in the City of Memphis are accustomed to enduring at their own expense and loss of due process of law.

45. Sgt. Jennings's actions are the direct and proximate cause of Plaintiff's injuries including, but not limited to: mental distress from her confinement, mental distress of her minor

child who was forced to witness her mother being arrested, and fees for attorneys for this frivolous allegation made by Laine.

## COUNT VI

### Tennessee Governmental Tort Liability Act
### Pursuant to T.C.A. § 29-20-101/Tennessee Commo Law
### (Negligent Infliction of Emotional Distress)

46. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–___ of this Complaint.

47. Laine knowingly used his connections with the Memphis Police Department, namely his family's friendship with Sgt. Jennings, to make out and swear to a false affidavit of complaint in retaliation against Plaintiff for her raising concerns about his conduct during his parenting time of their minor child.

48. The County and Sgt. Jennings, in his official capacity, owed a duty of care to Plaintiff and breached said corroborating Laine's false allegations in his affidavit and causing the issuance of an invalid warrant, leading to Plaintiff's first and only arrest.

49. Plaintiff sustained serious emotional injuries as a direct result of the conduct of defendants.

## COUNT VII

### Tennessee Common Law Malicious Prosecution

50. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–___ of this Complaint.

51. Laine made false and malicious statements to Sgt. Jennings who, in his individual capacity, swore to an affidavit of complaint without probable cause and in retaliation against Plaintiff by Laine due to, upon information and belief, his personal relationship with

Laine's family members.

52. Defendant Jennings, in his individual capacity, acted with malice and out of retaliation in signing and swearing to an affidavit of complaint he knew or should have known to be false.

53. Subsequent to Plaintiff's arrest, the district attorney's office dismissed the charge against Plaintiff because it conducted its own investigation into Laine's allegations. It did not make out an offense for which Plaintiff could be charged.

## COUNT VIII

### Tennessee Common Law Abuse of Process

54. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1–___ of this Complaint.

55. Laine had an ulterior motive for his allegations against Plaintiff. Upon information and belief, Sgt. Jennings, in his individual capacity, adhered to that ulterior motive when signing and swearing to the affidavit of complaint made out by Laine which lead to Plaintiff's arrest.

56. Laine used his family connection with the Memphis Police Department to file a false complaint which was corroborated, upon information and belief, Jennings, a personal friend of Laine's brother.

57. Sgt. Jennings used his authority and the legal process to have a warrant for Plaintiff's arrest issued, leading to a legal process being distorted and used for a purpose for which it was not designed and that was wrongful.

## V.   DAMAGES

58. Plaintiff has suffered damages including, but not limited to, compensatory

damages for psychological injuries, as well as financial, physical and emotional harms proximately caused by the wrongful conduct of Defendants in an amount no less than Two Hundred Fifty Thousand Dollars ($250,000).

59. Plaintiff suffered impairment of reputation, personal humiliation, mental anguish and suffering directly and proximately caused by the Defendants' conduct.

60. Plaintiff also submits that punitive damages are appropriate in this matter due to the pattern, history and egregious nature of the offenses committed by the Defendants. Defendants' conduct is outrageous and extraordinary under the circumstances.

## VI.   PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully demands as follows:

61. That process issues to the Defendants and that they be required to answer in the time allowed by law.

62. That judgment be rendered in favor of the Plaintiff and against the Defendants, jointly and severally, on all causes of action asserted herein.

63. That Plaintiff be awarded those damages to which it may appear she is entitled by the proof submitted in this cause for physical and mental pain and suffering, both past and future, in an amount to be determined by the jury but no less than Two Hundred Fifty Thousand Dollars ($250,000).

64. That Plaintiff be awarded punitive damages against the Defendants.

65. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

66. That the Plaintiff receive any further and general relief to which the justice of this cause may require.

67. A jury for the trial of this matter.

                              Respectfully submitted,

By:_____
        Warren P. Campbell #30096
        275 Jefferson Avenue
        Memphis, TN 38103
        P: (901) 526-6701
        F: (901) 526-6702
        wcampbell@capertonlaw.com