```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|                                    |   |                         |
|------------------------------------|---|-------------------------|
| **ABIGAIL HNEDAK,**                | ) |                         |
|                                    | ) |                         |
|    **Plaintiff,**   | ) |                         |
|                                    | ) |                         |
| v.                                 | ) | No. 2:20-cv-02333-SHM-cgc |
|                                    | ) |                         |
| **BRYCE LAINE, an individual,**    | ) |                         |
| **the MEMPHIS POLICE**             | ) |                         |
| **DEPARTMENT, CITY OF MEMPHIS,**   | ) |                         |
| **TENNESSEE, and MEMPHIS POLICE**  | ) |                         |
| **SGT. A. JENNINGS,**              | ) |                         |
| **individually and in his**        |   |                         |
| **official capacity,**             |   |                         |
|                                    |   |                         |
|    **Defendants.**  |   |                         |

**ORDER GRANTING THE CITY OF MEMPHIS'S MOTION TO DISMISS**

Before the Court is Defendants City of Memphis and the City of Memphis Police Department's (collectively the "City") November 24, 2020 Motion to Dismiss (the "Motion"). (D.E. No. 40.) Plaintiff Abigail Hnedak responded on November 24, 2020. (D.E. No. 41.) The City replied on December 11, 2020. (D.E. No. 42.) Hnedak's Memorandum in Support was filed on January 28, 2021. (D.E. No. 43.) For the following reasons, the Motion is **GRANTED**.

**I.  Background**

For purposes of the Motion, the facts are taken from the Complaint.

Hnedak filed her Complaint on May 6, 2020. (D.E. No. 1.) She brings five claims against the City. (Id. at ¶¶ 29-60.) The first is a claim for violation of 42 U.S.C. § 1983 because the City deprived Hnedak of her civil rights by encouraging or permitting employees of the Memphis Police Department (the "MPD") to swear falsely to affidavits of complaint without investigation. (Id. at ¶ 29-32.) The second is a claim for negligence under the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. §§ 29-20-101, et seq., because the City's negligence harmed Hnedak. (Id. at ¶¶ 33-35.) The third is a claim for negligent supervision under the GTLA because the City failed to properly train and supervise Sgt. A. Jennings ("Jennings"), the police officer who co-signed the affidavit of complaint against Hnedak. (Id. at ¶¶ 36-39.) The fourth is a claim for false imprisonment under the GTLA because Hnedak was arrested without a "valid warrant". (Id. at ¶¶ 40-41.) The fifth is a claim for negligent or intentional infliction of emotional distress under the GTLA[1] because the failure to corroborate Bryce Laine's false allegations against Hnedak

---

[1] The Complaint purports to bring this claim against "[t]he County", but Shelby County, Tennessee, is not a party to the proceedings. (See D.E. No. 1, ¶ 48.) The parties treat this claim as a claim against the City. (See e.g., D.E. No. 40-1, 7; D.E. No. 41, 3.)

2

caused "the issuance of an invalid warrant".[2] (Id. at ¶¶ 46-49.)

Hnedak and Laine are parents of a minor child, LH, who was born on December 31, 2016. (Id. at ¶ 9.) On January 23, 2019, the Shelby County Juvenile Court entered a Permanent Parenting Plan Order ("PPPO") setting child support, parenting time, and custody arrangements for LH. (Id.) Initially, Laine had parenting time on Tuesday and Thursday from 4:00 PM to 8:00 PM on the second and fourth weeks of the month. (Id. at ¶ 10.) On July 19, 2019, Laine texted Hnedak to change parenting time to Monday and Wednesday because of Laine's college schedule. (Id. at ¶ 11.)

On February 3, 2020, Hnedak learned that LH had said Laine had hit and kicked LH for misbehaving. (Id. at ¶ 13.) Hnedak told Laine "she felt it was best, given the circumstances, that his planned parenting time" for that Monday be rescheduled. (Id.) Laine did not agree. (Id. at ¶ 14.)

Laine went to Jennings of the MPD and told him Hnedak had violated the PPPO. (Id. at ¶ 14.) Jennings co-signed an affidavit of complaint against Hnedak relying on Laine's statements. (Id. at ¶ 16.) On February 5, 2020, a General

---

[2] Hnedak brings additional claims against Bryce Laine ("Laine") and Jennings that are not at issue in the Motion. (See D.E. No. 1, ¶¶ 29-60.)

3

Sessions Court Judge in Shelby County signed a warrant for Hnedak's arrest based on the affidavit of complaint. (Id. at ¶ 18.)

On February 10, 2020, Hnedak was arrested in front of LH by the MPD. (Id. at ¶ 19.) Hnedak was released on receipt of a citation after being held in jail for seven hours. (Id. at ¶¶ 20-21.) The prosecutor did not pursue the charges, and the General Sessions Court dismissed the case. (Id. at ¶ 22.)

Hnedak alleges that Laine's family members were employed by the MPD and knew Jennings. (Id. at ¶ 17.) She alleges that the City failed to train Jennings on the proper procedure for swearing an affidavit of complaint. (Id. at ¶ 23.) Hnedak alleges that the City "has a pervasive custom or practice" "of making warrantless arrests that lack probable cause based upon the significant number of cases that are dismissed due to constitutional violations similar to the case at issue." (Id. at ¶ 24.) She alleges that this practice "is widespread and commonly accepted to have the force of law." (Id. at ¶ 24.) Hnedak also alleges that the City failed to make rules, policies, and regulations to protect against civil rights violations by the MPD. (Id. at ¶ 25.) She alleges that the City's "conduct is demonstrative of a persistent pattern of unconstitutional conduct by its employees and the City has constructive notice of that pattern." (Id.)

## II. Jurisdiction and Choice of Law

The Court has federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Hnedak asserts that the City violated her constitutional rights and seeks relief under § 1983. (D.E. No. 1, ¶¶ 29-32.)

The Court has supplemental jurisdiction over Hnedak's state law claims. See 28 U.S.C. § 1367(a). Those claims derive from a "common nucleus of operative fact" with Hnedak's federal claims against the City. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Soehnlen v. Fleet Owners Ins. Fund, 844 F.3d 576, 588 (6th Cir. 2016); see also 28 U.S.C. § 1367(a).

When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Hnedak invokes Tennessee law. Both parties assume that Tennessee law applies. The Court will apply Tennessee substantive law to Hnedak's state law claims.

## III. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as

true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The factual allegations must be more than speculative. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). The Court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations, but does not accept legal conclusions or unwarranted factual inferences as true. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018). "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions." Id. (citing Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009)).

**IV. Analysis**

    **A. Section 1983 Claim**

A municipality "cannot be held liable under 1983 on a respondeat superior theory." Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978) (emphasis removed). To hold a municipality liable under § 1983, a plaintiff must show that "(1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights, and (3) that a

6

municipal policy or policy of inaction was the moving force behind the violation." Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004); See Monell, 436 U.S. at 694-695. This is sometimes called a Monell Claim. See Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013). A municipal policy can be shown by: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." Direct Constr. Servs., LLC v. City of Detroit, Michigan, 820 F. App'x 417, 426 (6th Cir. 2020).

A municipality is liable under § 1983 when an official with final decision-making authority ratifies an illegal policy. See American Postal Workers Union, 361 F.3d at 902. Hnedak's Complaint does not allege that an official policy was ratified by an official who was a final decision maker.

A municipality is liable under § 1983 when it officially adopts an unconstitutional policy. Id. Hnedak's Complaint alleges that "[t]he City implicitly or explicitly adopted and implemented" a policy of filing false complaints. (D.E. No. 1, ¶ 31.) The Court does not "accept as true legal conclusions or

7

unwarranted factual inferences" in deciding a motion to dismiss. Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000). Hnedak's Complaint contains no specific factual allegations showing that the City has an official policy permitting police officers to swear false affidavits of complaint.

Hnedak's Complaint focuses on failure-to-train and custom-of-tolerance for violations of federal rights to establish the City's § 1983 liability[3]. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). A plaintiff must show that: "1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or

---

[3] The City argues that "there is no removal of immunity as to the City for claims arising out of civil rights under 42 U.S.C. § 1983 and the United States Constitution, and those claims should be dismissed[.]" (D.E. No. 40-1, 4-5.) Relying on Johnson v. City of Memphis, the City appears to assert that the GTLA establishes municipal immunity from § 1983 claims. 617 F.3d 864 (6th Cir 2010). Any argument that the GTLA provides immunity from § 1983 claims is not well taken. In Johnson, the Sixth Circuit held that the trial court did not err when it denied the plaintiff's motion to add several state law tort claims because those GTLA claims were precluded by the civil rights exception to the GTLA. Id. at 872. The court held that the exception precluded claims under the GTLA. Id. The court did not hold that the GTLA precluded independent § 1983 claims.

actually caused the injury." Ciminillo v. Streicher, 434 F.3d 461, 469 (6th Cir. 2006). To prove deliberate indifference, a plaintiff "must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Miller v. Sanilac Cty., 606 F.3d 240, 255 (6th Cir. 2010). Alternatively "'a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability.'" Plinton v. Cty. of Summit, 540 F.3d 459, 464 (6th Cir. 2008) (quoting Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 409 (1997)).

Hnedak fails to plead facts demonstrating that the City's training was inadequate or that the City was deliberately indifferent. The court does not "accept as true legal conclusions or unwarranted factual inferences" in deciding a motion to dismiss. Gregory, 220 F.3d at 446. Conclusory allegations that recite the elements of the claim are "not entitled to be assumed true." Iqbal, 556 U.S. at 681 (citing Twombly, 550 U.S. at 554-555). Hnedak's Complaint merely recites the elements of failure-to-train municipal liability and asserts

9

that City failed to train its employees "as to the proper procedure for swearing to an Affidavit of Complaint". (See D.E. No. 1, ¶¶ 23-25; ¶ 31.) Hnedak does not provide any factual allegations specifying the training officers receive or that the City ignored a history of abuse. Hnedak asserts that a significant number of cases were dismissed due to similar violations and that the City's conduct demonstrated a persistent pattern of unconstitutional conduct. (Id. at ¶¶ 24-25.) No cases are cited. Hnedak fails to plead facts that support her assertions. She fails to state a claim for failure-to-train § 1983 municipal liability.

A "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." Burgess, 735 F.3d at 478. The custom-of-tolerance for violations of civil rights is also known as an "inaction" theory. Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ., 103 F.3d 495, 508 (6th Cir. 1996). The plaintiff must establish: "(1) the existence of a clear and persistent pattern of [violations by municipal] employees; (2) notice or constructive notice on the part of the [municipality]; (3) the [municipality's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4)

that the [municipality's] custom was the 'moving force' or direct causal link in the constitutional deprivation." Id.

Hnedak's Complaint fails to allege specific facts to support her custom-of-tolerance claim. Hnedak alleges that the City should have known that its officers made "warrantless" arrests without probable cause "based upon the significant number of cases that are dismissed due to constitutional violations similar to the case at issue." (D.E. No. 1, ¶ 24.) Hnedak alleges that "the City has failed to make adequate rules, policies and regulations to protect against civil rights violations by its law enforcement." (Id. at ¶ 25.) Hnedak alleges that "[t]he City's conduct is demonstrative of a persistent pattern of unconstitutional conduct by its employees and the City has constructive notice of that pattern." (Id.) Conclusory allegations that recite the elements of the claim are "not entitled to be assumed true." Iqbal, 556 U.S. at 681 (citing Twombly, 550 U.S. at 554-555). No instances are cited. Hnedak fails to plead facts that support her conclusion that the City had a custom of unconstitutional conduct because it tolerated falsely sworn affidavits of complaint.

The City's Motion is **GRANTED**. Hnedak's § 1983 claim is **DISMISSED**.

**B. Negligence Claims**

Tennessee law prohibits suit against "the State" unless the legislature permits it. Tenn. Const. art. 1, § 17; Davidson v. Lewis Bros. Bakery, 227 S.W.3d 17 (Tenn. 2007). Municipalities are part of "the State." Id. at 19. The GTLA partially waives the State's immunity:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> ****
> (2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights

Tenn. Code Ann. § 29-20-205(2). The GTLA "civil rights" exception to waiver of governmental immunity for negligence "includes claims arising under 42 U.S.C. § 1983 and the United States Constitution." Johnson, 617 F.3d at 872.

Hnedak concedes that the City is immune from her claims of false imprisonment and negligent or intentional infliction of emotional distress. (D.E. No. 41, 3.) The GTLA bars suits against municipalities for false imprisonment and intentional infliction of emotional distress. Tenn. Code Ann. § 29-20-205(2).

12

The GTLA bars suits against municipalities for negligent acts or omissions of their employees if the injury arises out of "civil rights." Tenn. Code Ann. § 29-20-205(2). Civil rights claims include claims that arise under federal civil rights laws and the United States Constitution. Cochran v. Town of Jonesborough, 586 S.W.3d 909, 919 (Tenn. Ct. App. 2019). Tennessee and federal courts have concluded that the GTLA provides immunity to a municipality for negligence claims that arise out of police misconduct. Siler v. Scott, 591 S.W.3d 84, 97-98 (Tenn. Ct. App. 2019), appeal denied (Oct. 11, 2019); Cochran, 586 S.W.3d at 919; Campbell v. Anderson Cty., 695 F. Supp. 2d 764, 788 (E.D. Tenn. 2010); Howard v. Knox Cty., Tennessee, No. 3:15-CV-6-TAV-CCS, 2016 WL 9455169 at *11-12 (E.D. Tenn. Sept. 7, 2016), aff'd, 695 F. App'x 107 (6th Cir. 2017); cf. Parker v. Henderson Cty., No. W200900975COAR3CV, 2010 WL 377044 at *4 (Tenn. Ct. App. Feb. 4, 2010)(declining to dismiss GTLA claim for negligent supervision of law enforcement where the plaintiff "neither pleaded nor argued in the present proceeding that the City or its officers violated his federal civil rights").

The Parker decision is an outlier. See Cochran, 586 S.W. 3d at 916-919 (opining that other Tennessee cases and federal precedent weigh against Parker and that, because the plaintiff's injuries stemmed from a well-established civil rights violation,

13

the plaintiff's negligence claim was barred by the GTLA); Siler, 591 S.W.3d at 97 (applying Cochran instead of Parker to a claim based on excessive force by a police officer). Courts have concluded that, when a plaintiff brings both a negligence claim and a civil rights claim based on the same conduct, the claim arises out of civil rights. Cochran, 586 S.W. 3d at 919; Howard, 2016 WL 9455169 at *11.

The GTLA bars Hnedak's claims of negligence and negligent supervision. Hnedak's claim of negligence simply asserts that the City owed Hnedak a duty to use due care. (D.E. No. 1, ¶ 34.) Hnedak's negligent supervision claim asserts that the City failed to properly train and outline procedures "causing the violation of Plaintiff's substantive and procedural due process rights." (Id. at ¶ 38.) The GTLA does not permit suit if "the injury arises out of" "civil rights." Tenn. Code Ann. § 29-20-205. A negligence claim is barred "where 'the same circumstances giv[e] rise' to both the negligence and civil rights claims." Partee v. City of Memphis, Tenn., 449 F. App'x 444, 448 (6th Cir. 2011) (quoting Tenn. Code Ann. § 29-20-205(2)).

Hnedak argues that that her negligent supervision claim is distinct from her § 1983 claim because the failure to train and supervise occurred before her arrest. The court in Howard found that simultaneous claims for civil rights and negligence demonstrated that the negligence claims arose out of civil

14

rights, even if the plaintiff argued that the negligent actions occurred before the civil rights violation. Howard, 2016 WL 9455169 at * 11. Both Hnedak's negligence and negligent supervision claims arise out of her arrest and Jennings' affidavit of complaint. (See D.E. No. 1, ¶¶ 33-39.) She makes no other argument that the City was negligent or negligently supervised Jennings. Hnedak's negligence and negligent supervision claims against the City arise out of civil rights violations, and the City is immune from her claims under the GTLA.

The City's Motion is **GRANTED**. Hnedak's claims of negligence, negligent supervision, false imprisonment, and negligent or intentional infliction of emotional distress are **DISMISSED**.

**V. Conclusion**

The City's Motion is **GRANTED**. Hnedak's claims for violations of § 1983, negligence, negligent supervision, false imprisonment, and negligent or intentional infliction of emotional distress are **DISMISSED**. The City of Memphis and the City of Memphis Police Department are **DISMISSED** from the case.

SO ORDERED this 18th day of June, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE